UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BECKY PALMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>Defendant. | Case No. 21-cv-6686<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Becky Palmer, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## **INTRODUCTION**

1. Unsatisfied with traditional marketing and sales revenue alone, Defendant Publishers Clearing House, Inc. ("PCH") sold and rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as gender, and information pertaining to their purchase of products from PCH (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them. Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transactional Data in this way, PCH did not ask for much less obtain consent from any of these individuals.

2. Documented evidence confirms these facts. For example, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time periods

relevant to this action, sold and rented to various parties the mailing list titled "Publishers Clearing House Merchandise Buyers Mailing List," which contains the names, addresses, and other Personal Identifying Transactional Data of all individuals who purchased products from PCH (including the types of products purchased), including Plaintiff and each member of the Class, at a base price of "$100.00/M [per thousand]," (*i.e.*, 10.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



See **Exhibit A** hereto.

   3. Ohio's Right of Publicity Law clearly prohibits what PCH has done. *See* OHIO REV. CODE §2741, *et seq.* (the "ORPL"). Generally speaking, the ORPL prohibits using a person's name or likeness on or in a product, good, piece of merchandise, or a service without the person's

2

prior consent. PCH directly violated the ORPL by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Ohio customers' names, addresses, and other Personal Identifying Transactional Data.

4. PCH's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests, and other demographic data. For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all women in Ohio who purchased over $20 worth of children's books from PCH in the past three months. Such a list is available for sale or rental on the open market for approximately $140.00 per thousand customers listed.

5. So, while PCH profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity. Accordingly, Plaintiff brings this Class Action Complaint against PCH for its plainly unlawful use of its customers' names and likenesses in reckless disregard of their statutorily protected rights under the ORPL.

## PARTIES

6. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Ohio. During the time period relevant to this action, Plaintiff purchased products from PCH while residing in, being a citizen of, and being physically present in Ohio.

7. Defendant Publishers Clearing House, Inc. is a New York corporation that maintains its headquarters and principal place of business in Jericho, New York. PCH is is a direct

marketing company that markets merchandise and magazine subscriptions with sweepstakes and prize-based games.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from PCH.

9. The Court has personal jurisdiction over PCH because PCH maintains its corporate headquarters and principal place of business in Jericho, New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because PCH is subject to personal jurisdiction in this judicial District, because PCH resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE ORPL

11. The ORPL prohibits any person from, *inter alia*, "us[ing] any aspect of an individual's persona for a commercial purpose . . . during the individual's lifetime" unless "the person first obtains the written consent to use the individual's persona[.]" OHIO REV. CODE §§2741.02(A)-(B).

12. The term "persona" is defined as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." OHIO REV. CODE §2741.01(A). And the ORPL defines commercial purpose as, *inter alia*, "the use of or reference to an aspect of an individual's persona . . . [o]n or in connection with a place, product, merchandise, goods, services, or other commercial activities[.]" OHIO REV. CODE §2741.01(B).

13.     A plaintiff injured by a violation of the ORPL is entitled to, *inter alia*, "statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars, as determined in the discretion of the trier of fact, taking into account the willfulness of the violation, the harm to the persona in question, and the ability of the defendant to pay a civil damage award," OHIO REV. CODE §2741.07(A)(1)(b), as well as punitive or exemplary damages (where applicable), OHIO REV. CODE §2741.07(A)(1)(c), and "temporary or permanent injunctive relief," OHIO REV. CODE §2741.07(D)(3).

## PCH DIRECTLY VIOLATES THE ORPL

14.     PCH maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying and highly sensitive Personal Identifying Transactional Data.

15.     PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear. PCH has sold and rented (and continues to sell and rent) these lists on the open market to data miners, aggregators, appenders, and cooperatives, and aggressive marketing companies, among others willing to pay for them.

16.     As a result of PCH's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from PCH on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear. PCH's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17. PCH does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by PCH on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18. PCH uniformly fails to obtain consent from — or even provide effective notice to — its customers before engaging in the practices described herein.

19. By and through these actions, PCH has used Plaintiff's and all of its other Ohio customers' names and likenesses, which have commercial value, on or in products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the ORPL.

## CLASS ACTION ALLEGATIONS

20. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21. Plaintiff seeks to represent a class comprised of and defined as follows:

> All Ohio residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold, rented, or offered for sale or rental, by PCH (the "Class").

22. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of PCH.

23. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions

common to the Class include, but are not limited to: (a) whether the mailing lists that PCH sells or rents on the open market are "product[s], merchandise, [or] good[s]," and whether its practices of renting such lists are "services," within the meaning of the ORPL; (b) whether PCH used Plaintiff's and the Class members' "names" or "personas" "on or in connection with" such mailing lists; (c) whether PCH obtained written consent from Plaintiff and the Class members before selling or renting such mailing lists; and (d) whether PCH's practices of selling or renting such mailing lists violated the ORPL.

24. The claims of the named Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by PCH's uniform wrongful conduct, based upon PCH's practices of using Plaintiff's and Class members' names, likenesses, and other personal identifying attributes on or in connection with the mailing lists it sold (and its sales and rentals of such lists) to third parties on the open market.

25. Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish PCH's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the

complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of PCH's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF
### Violation of Ohio's Right of Publicity Law, OHIO REV. CODE §2741, *et seq.*
### (By Plaintiff Individually and on Behalf of the Class)

27. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-26 above.

28. Plaintiff brings this claim individually and on behalf of members of the Class against PCH.

29. Plaintiff is a natural living person and therefore an "individual" within the meaning of the ORPL. *See* OHIO REV. CODE §2741.02.

30. PCH is a corporation and therefore a juristic "person" within the meaning of the ORPL. *See id.*

31. Plaintiff, while residing in Ohio, purchased products from PCH. Each member of the Class likewise resides in Ohio and purchased products from PCH.

32. Prior to and at the time Plaintiff purchased products from PCH, PCH did not notify Plaintiff or the members of the Class that it would use their names or other identifying attributes "on or in connection with" the mailing lists that it sells and rents. Plaintiff and the Class members have never given PCH authorization to do so.

33. After Plaintiff purchased products from PCH, and during the relevant statutory period, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"),

8

knowingly advertised the sale and rental of, and actually sold and rented, to various members of the general public, mailing lists containing Plaintiff's name, address, and other Personal Identifying Transactional Data (which identified her as an individual who had purchased products from PCH), including to data aggregators, data appenders, data cooperatives, and various other persons willing to purchase them, without first obtaining Plaintiff's written consent or even giving her prior notice of its use of her name and identity in this way.  Likewise, during the statutory period relevant to this action, PCH knowingly advertised the sale and rental of, and sold and rented, to various members of the public, mailing lists containing the names and addresses (among other Personal Identifying Transactional Data) of all individuals who had purchased products from PCH, including each member of the Class, without first obtaining written consent from or even providing prior notice to any of these individuals.

34. The name "Becky Palmer," one of the identifying attributes PCH used on or in connection with the mailing lists that it sells and rents, is "the actual, assumed, or clearly identifiable name or reference to [Plaintiff] that identifies [her]" as a person.  Accordingly, PCH used Plaintiff's "name" or "likeness," and thus her "persona," within the meaning of the ORPL. *See* OHIO REV. CODE §§2741.01(A), (C).

35. As alleged above throughout, PCH knowingly used Plaintiff's and each Class member's name or likeness (and thus each of their persona) on or in connection with its products, merchandise, goods, or services and thus for "commercial purposes" within the meaning of the ORPA.  *See* OHIO REV. CODE §2741.01(B)(1).

36. Significant commercial value exists in the aspects of Plaintiff's name and the other Class members' names that PCH uses on or in its products, goods, merchandise, and services.

37. PCH did not request, much less obtain, any prior "written, electronic, digital, or any other verifiable means of authorization" from Plaintiff or any other Class member prior to using their names or identities (*i.e.*, personas) for commercial purposes within the meaning of the ORPL. *See* OHIO REV. CODE §2741.01(F).

38. Accordingly, by using Plaintiff's and each Class member's "name," "an[] aspect of [each of their] persona[,] for a commercial purpose . . . during their lifetime[s]," while they resided in Ohio, and without their "written consent," PCH directly violated the ORPL. *See* OHIO REV. CODE §§2741.01(A), (C), 2741.02(A)-(B).

39. Plaintiff's injury was suffered in Ohio, where she resides. Each Class member's injury was likewise suffered in Ohio, where each such person resides.

40. PCH knowingly and willfully used Plaintiff's and the other Class members' names and identities (and other Personal Identifying Transaction Data) without their written consent in this way. PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw both the advertising of the sale and rental of the subject mailing lists on the open market as well as the actual sales and rentals of such lists to various third parties who purchased or rented such lists during the time period relevant to this action. PCH reaped significant monetary profits as a result of its sales and rentals of mailing lists on which and in which Plaintiff's and the other Class members' names and identities appeared.

41. Plaintiff and the members of the Class have been injured, while residing in Ohio, from the violations of their rights of publicity caused by PCH's nonconsensual use of their names and identities (and thus their personas) in this way.

42. On behalf of herself and the members of the Class, Plaintiff seeks: (1) statutory liquidated damages of between $2,500 and $10,000 per violation to herself and each Class member pursuant to OHIO REV. CODE §§2741.07(A)(1)(a)-(b) & 2741.07(A)(2); (2) an award of punitive or exemplary damages pursuant to OHIO REV. CODE §2741.07(A)(1)(c); (3) an injunction requiring PCH to obtain prior written consent from Ohio customers prior to the use of their names or identities on or in the mailing lists that it advertises and sells and rents pursuant to OHIO REV. CODE §2741.07(D)(3); and (4) costs and reasonable attorneys' fees pursuant to OHIO REV. CODE §2741.07(D)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Publishers Clearing House, Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that PCH's conduct described herein violates the ORPL;

C. For an order finding in favor of Plaintiff and the Class on the count asserted herein;

D. For an injunction requiring PCH to obtain prior written consent from Plaintiff and members of the Class prior to using their names or identities on or in the mailing lists that PCH sells and rents pursuant to OHIO REV. CODE §2741.07(D)(3);

E. For an award of statutory liquidated damages of between $2,500 and $10,000 per violation to Plaintiff and each Class member pursuant to OHIO REV. CODE §§2741.07(A)(1)(a)-(b) & 2741.07(A)(2);

F. For an award of punitive or exemplary damages to Plaintiff and the Class members pursuant to OHIO REV. CODE §2741.07(A)(1)(c);

G. For an order awarding counsel for Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to OHIO REV. CODE §2741.07(D); and

H. For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of herself and members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: December 1, 2021

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

s/ Thomas L. Laughlin, IV
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

**HEDIN HALL LLP**
Frank S. Hedin*
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*